**Jagdeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70781.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

R.App. P. 34(a)(2).

Hardeep S. Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Jagdeep Singh, Sacramento, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stephen R. Campbell, U.S. Department of Justice Civil Division/Torts Branch, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN and BEA, Circuit Judges.

## MEMORANDUM **

Jagdeep Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

Because the BIA expressly declined to adopt the IJ's adverse credibility determination, we accept Singh's testimony as true. *See Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000) ("It is also well settled that we must accept an applicant's testimony as true in the absence of an explicit adverse credibility finding.").

The record supports the BIA's determination that Singh did not demonstrate that his August 2001 arrest and detention were "on account of" either his

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

membership in the All India Sikh Students' Federation or imputation of his father's political beliefs to him. *See Nuru v. Gonzales,* 404 F.3d 1207, 1225–26 (9th Cir. 2005).[1] Singh expressly acknowledged at the hearing before the IJ that the only reason he was arrested was because he filed a report against a police inspector whom Singh believed was responsible for his father's disappearance more than three years earlier. The record thus does not compel the conclusion that Singh was persecuted on account of his political opinion, actual or imputed. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

We lack jurisdiction to consider Singh's contentions that the IJ erred by failing to find persecution on account of his membership in an identifiable social group, and by relying on country reports to discredit his fear of future persecution, because he did not raise these issues on appeal to the BIA and thus failed to exhaust administrative remedies. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir. 2004).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

1. Because Singh raised this issue in his brief to the BIA, we reject the government's contention that he failed to exhaust administrative remedies.

